# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD EARL WATTS, | No. 2:14-CV-2855-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| JEFFREY BEARD, | |
| Respondent. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. <u>See</u> 28 U.S.C. § 636(c). Pending before the court are petitioner's amended petition for a writ of habeas corpus (Doc. 10), respondent's answer (Doc. 23), and petitioner's reply (Doc. 25).

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

The state court recited the following facts, and petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:[1]

> Petitioner was convicted by plea on December 6, 2011, of one count of felony violation of Penal Code section 211, robbery, and admitted the use of a firearm therein pursuant to Penal Code section 12022.53(B). He was sentenced to the agreed upon term of 13 years in state prison. This sentence was the subject of a direct appeal to the Third District Court of Appeals [sic]. In an opinion filed August 15, 2013, the Court of Appeals [sic] concluded that Petitioner's jail credits had been improperly calculated and that the application of a parole revocation fine amounted to an ex post facto application of the law. The People conceded both claims.

# II. DISCUSSION

In his amended petition, petitioner raises the following claims: (1) trial counsel was ineffective for advising petitioner to reject a more favorable plea offer and for later advising petitioner to abandon a motion to withdraw the plea (Grounds 1 and 2); and (2) appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness (Ground 3).

The state court addressed petitioner's claims of ineffective assistance of counsel in the context of post-conviction proceedings. Specifically, the Superior Court stated:

> In the present petition, Petitioner argues that he received ineffective assistance of appellate counsel because appellate counsel failed to argue ineffective assistance of trial counsel. Petitioner maintains that his original trial counsel was ineffective in advising him to reject a 10 year offer which was later withdrawn by the District Attorney's office. He then argues that his second attorney provided ineffective assistance by advising him to withdraw a motion to withdraw his plea.
>
> * * *

/ / /

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct." Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. See id. These facts are, therefore, drawn from the state court's opinion(s), lodged in this court. Petitioner may also be referred to as "defendant."

2

Petitioner's argument is, thus, two-fold. It must have been below an objective standard of reasonableness under the prevailing professional norms for his appellate counsel to have failed to raise the issue of ineffectiveness of (both) trial counsel, *and* had these issues been raised on appeal, there is a reasonable probability that the court of appeals would have held in Petitioner's favor. In order to assess appellate counsel's performance regarding these issues, the performance of trial counsel must be evaluated under the same standard. In other words, Petitioner must set forth sufficient allegations regarding the advisement to reject the plea to establish ineffective assistance of counsel in withdrawing the motion to withdraw his plea and in failing to raise the issue on appeal.

However, Petitioner simply argues that the fact that he was advised to reject a 10-year offer and ended up pleading to a 13-year resolution is *per se* evidence that counsel was ineffective. There are many reasons that counsel may advise or caution a defendant against taking a plea. But no counsel can be a guarantor of outcome. It is not unusual, nor improper, for the People to withdraw a plea offer and, at a later date, replace it with an offer less favorable to the defendant. (Citation omitted). Petitioner presents no authority to the contrary. Petitioner has also failed to produce any evidence as to the tactical reasoning by the attorneys involved. A petition for writ of habeas corpus is a pleading, analogous to a complaint in a civil action. It must state "fully and with particularity the facts on which relief is sought." (*People v. Duvall* (1995) 9 Cal.4th 464, 474). "Conclusory allegations made without any explanation of the basis for the allegations" will not support the issuance of an order to show cause, much less the relief sought. (*Id.*). The petition must also include "copies of reasonable [sic] available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." (*Id.*). Petitioner has failed to put forth any evidence that the decisions made by trial and appellate counsel did not have some sound tactical basis.

The Superior Court's opinion is the last reasoned state court decision addressing petitioner's claims of ineffective assistance of trial and appellate counsel.

Plaintiff's claims are unexhausted. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner

has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

///

///

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

As to the state court's citation to People v. Duvall, that case outlines the various procedural requirements for a state habeas petition. See 9 Cal.4th 464, 474 (1995). Among other things, the petition must "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of the trial transcripts and affidavits or declarations." Id. A failure to comply with this requirement is a pleading defect subject to cure by amendment. Here, the court has reviewed the petition filed in the Superior Court and notes that no documentary evidence was attached. Nor is there evidence that petitioner ever filed an amended petition attempting to cure this defect. For this reason, the court finds that the Duvall citation is a valid basis to conclude that petitioner's claims were not exhausted in state court.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition (Doc. 10) is dismissed for failure to exhaust state court remedies; AND

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 28, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE